## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**BACKERTOP LICENSING LLC,**

    **Plaintiff,**

    **v.**

**CANARY CONNECT, INC.,**

    **Defendant.**

**CIVIL ACTION NO.:**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

1. This is an action under the patent laws of the United States, Title 35 of the United States Code, for patent infringement in which Backertop Licensing LLC ("Backertop" or "Plaintiff") makes the following allegations against Canary Connect, Inc. ("Canary" or "Defendant").

## PARTIES

2. Plaintiff is a Texas limited liability company, having its primary office at 2100 14th St., Suite 107 (PMB 1044), Plano, TX 75074 located in Collin County, Texas.

3. Defendant Canary is registered as a domestic corporation in the state of Delaware, and has a principal place of business at 26 Broadway, Fl. 22, New York, NY, 10004. Defendant's Registered Agent for service of process in Delaware appears to be Corporation Service Co., 251 Little Falls Drive, Wilmington, DE 19808.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c), generally, and under 1400(b). Defendant is incorporated in this Judicial District, and Defendant has also committed acts of patent infringement in this Judicial District.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, in this Judicial District.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 9,332,385**

7. Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 9,332,385 ("the '385 Patent") entitled "Selectively Providing Content to Users Located Within a Virtual Perimeter" – including all rights to recover for past, present and future acts of infringement. The '385 Patent issued on May 3, 2016, and has a priority date of February 13, 2015. A true and correct copy of the '385 Patent is attached as Exhibit A.

8. Defendant produces, sells, and offers for sale, Canary smart home security platforms and products – including, but not limited to, Defendant's Canary Pro and Canary View monitor products and systems and Defendant's Canary App (collectively, "Canary Systems").



9. More specifically, the Canary Systems that Defendant directly makes, uses, sells and offers for sale, are the infringing instrumentalities ("Defendant's Infringing Instrumentalities" or "Infringing Instrumentalities").

10. The Defendant's Infringing Instrumentalities operate based upon wireless communication between a mobile device (*e.g.*, user's mobile device with the Canary App installed) and at least one beacon (*e.g.*, Canary monitor connected via Bluetooth):



11. The Defendant's Infringing Instrumentalities operate using memory on the mobile device by storing the program code for the Canary App in that memory. That code is then executed by a processor associated with the mobile device to operate the Canary App as described hereinafter.

12. The Defendant's Infringing Instrumentalities identify a present physical location of such a mobile device:

13. The Defendant's infringing instrumentalities operate such that when a user's mobile device enabled with the Canary App is located at or near to its home, a Canary monitor establishes a wireless connection with the mobile device.

14. The Defendant's infringing instrumentalities operate such that the Canary monitor communicates via wireless connection messages with the mobile device.

> **How does Canary know when I'm home or away?**
>
> When you set up your Canary, the system will automatically create a geofence (or a virtual boundary) around your location. The app on your smartphone communicates with Canary to detect when you enter or leave the geofence. Based on this, Canary can automatically switch to home mode when you arrive home. When you leave the geofence, Canary will detect this and switch to away mode. You can also manually change Canary's mode in the Canary app.

15. The Defendant's infringing instrumentalities operate such that, when a user's mobile device is within range of the Canary monitor, home mode is engaged and away mode is disengaged:

> **How does Canary know when I'm home or away?**
>
> When you set up your Canary, the system will automatically create a geofence (or a virtual boundary) around your location. The app on your smartphone communicates with Canary to detect when you enter or leave the geofence. Based on this, Canary can automatically switch to home mode when you arrive home. When you leave the geofence, Canary will detect this and switch to away mode. You can also manually change Canary's mode in the Canary app.

16. The Defendant's infringing instrumentalities operate such that, when a user's mobile device is out of range of the Canary monitor, home mode is disengaged and away mode is engaged:

> **How does Canary know when I'm home or away?**
>
> When you set up your Canary, the system will automatically create a geofence (or a virtual boundary) around your location. The app on your smartphone communicates with Canary to detect when you enter or leave the geofence. Based on this, Canary can automatically switch to home mode when you arrive home. When you leave the geofence, Canary will detect this and switch to away mode. You can also manually change Canary's mode in the Canary app.

17. The Defendant's infringing instrumentalities retrieve location specific rules and retrieve user profile data from the mobile device:

> In **Mode Settings**, you can configure how Canary changes modes by activating or disabling **Auto-Mode Switching**.
>
> **Auto-Mode Switching**
> While **Auto-Mode Switching** is on, Canary will use your phone's location services to detect whether you're home or away.
>
> Canary will switch into **away** mode when all location members leave home, and switch into **home** mode when at least one member arrives home.
>
> You can also schedule Canary to switch into and out of **night** mode at specific times. **Night** mode will only activate when at least one member is home.

18. The Defendant's infringing instrumentalities present content on the mobile device – via the Array by Canary App – based upon the location specific rules and user profile data:

> Canary has three modes: **away** (shield), **home** (house), and **night** (moon).
>
> In **away** mode, Canary monitors your home for activity and sends you a push notification with a video when it detects movement.
>
> In **home** mode, Canary can send you notifications when it detects activity, record activity without notifications, or you can disable the camera and microphone entirely.
>
> In **night** mode, you can set a schedule for when you want your Canary to monitor your home for activity with or without sending you notifications. Alternatively, you can schedule your Canary to be set private.

19. Plaintiff herein restates and incorporates by reference paragraphs 8 – 18, above.

20. All recited elements of – at least – claims 1 and 8 of the '385 Patent are present within the structure and/or operation of Defendant's infringing instrumentalities.

21. Defendant's infringing instrumentalities comprise systems that identify a present physical location of a mobile device, based upon wireless communication between the mobile device and at least one beacon.

22. Defendant's infringing instrumentalities determine that the mobile device is located at a particular physical location.

23. Defendant's infringing instrumentalities communicate at least a first message to the mobile device, responsive to determining that the mobile device is located at the particular physical location.

24. Defendant's infringing instrumentalities communicate at least a first message to the mobile device that specifies at least one application to be disabled while the mobile device is present at the physical location.

25. Defendant's infringing instrumentalities receive a response to the first message from the mobile device, indicating that the at least one application is disabled.

26. Defendant's infringing instrumentalities authorize, using a processor, the mobile device to establish presence on a network maintained for the physical location, responsive to the response to the first message.

27. Defendant's infringing instrumentalities infringe – at least – claims 1 and 8 of the '385 Patent.

28. Defendant's infringing instrumentalities literally and directly infringe – at least – claims 1 and 8 of the '385 Patent.

29. Defendant's infringing instrumentalities perform or comprise all required elements of – at least – claims 1 and 8 of the '385 Patent.

30. In the alternative, Defendant's infringing instrumentalities infringe – at least – claims 1 and 8 of the '385 Patent under the doctrine of equivalents. Defendant's infringing instrumentalities perform substantially the same functions in substantially the same manner with

substantially the same structures, obtaining substantially the same results, as the required elements of – at least – claims 1 and 8 of the '385 Patent. Any differences between Defendant's infringing instrumentalities and the claims of the '385 Patent are insubstantial.

31. All recited elements of – at least – claims 1 and 8 of the '385 Patent are present within, or performed by, Defendant's infringing instrumentalities.

32. Defendant's infringing instrumentalities, when used and/or operated in their intended manner or as designed, infringe – at least – claims 1 and 8 of the '385 Patent, and Defendant is therefore liable for infringement of the '385 Patent.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 9,654,617

33. Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 9,654,617 ("the '617 Patent") entitled "Selectively Providing Content to Users Located Within a Virtual Perimeter" – including all rights to recover for past, present and future acts of infringement. The '617 Patent issued on May 16, 2017, and has a priority date of February 13, 2015.  A true and correct copy of the '617 Patent is attached as Exhibit B.

34. Plaintiff herein restates and incorporates by reference paragraphs 8 – 18, above.

35. All recited elements of – at least – claim 1 of the '617 Patent are present within the structure and/or operation of Defendant's infringing instrumentalities.

36. Defendant's infringing instrumentalities comprise a computer program product that comprises a computer readable storage medium having program code stored thereon. That program code is executable by a processor to perform certain operations, as described hereinafter.

37. Defendant's infringing instrumentalities comprise operations that identify a present physical location of a mobile device, based upon wireless communication between the mobile device and at least one beacon.

38. Defendant's infringing instrumentalities determine that the mobile device is located at a particular physical location.

39. Defendant's infringing instrumentalities communicate at least a first message to the mobile device, responsive to determining that the mobile device is located at the particular physical location.

40. Defendant's infringing instrumentalities communicate at least a first message to the mobile device that specifies at least one application to be disabled while the mobile device is present at the physical location.

41. Defendant's infringing instrumentalities receive a response to the first message from the mobile device, indicating that the at least one application is disabled.

42. Defendant's infringing instrumentalities authorize, using a processor, the mobile device to establish presence on a network maintained for the physical location, responsive to the response to the first message.

43. Defendant's infringing instrumentalities infringe – at least – claim 1 of the '617 Patent.

44. Defendant's infringing instrumentalities literally and directly infringe – at least – claim 1 of the '617 Patent.

45. Defendant's infringing instrumentalities perform or comprise all required elements of – at least – claim 1 of the '617 Patent.

46. In the alternative, Defendant's infringing instrumentalities infringe – at least – claim 1 of the '617 Patent under the doctrine of equivalents. Defendant's infringing instrumentalities perform substantially the same functions in substantially the same manner with substantially the same structures, obtaining substantially the same results, as the required elements of – at least – claim 1 of the '617 Patent. Any differences between Defendant's infringing instrumentalities and the claims of the '617 Patent are insubstantial.

47. All recited elements of – at least – claim 1 of the '617 Patent are present within, or performed by, Defendant's infringing instrumentalities.

48. Defendant's infringing instrumentalities, when used and/or operated in their intended manner or as designed, infringe – at least – claim 1 of the '617 Patent, and Defendant is therefore liable for infringement of the '617 Patent.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 10,477,011

49. Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 10,477,011 ("the '011 Patent") entitled "Selectively Providing Content to Users Located Within a Virtual Perimeter" – including all rights to recover for past, present and future acts of infringement. The '011 Patent issued on November 12, 2019, and has a priority date of February 13, 2015.  A true and correct copy of the '011 Patent is attached as Exhibit C.

50. Plaintiff herein restates and incorporates by reference paragraphs 8 – 18, above.

51. All recited elements of – at least – claims 1, 8 and 15 of the '011 Patent are present within the structure and/or operation of Defendant's infringing instrumentalities.

52. Defendant's infringing instrumentalities comprise a computer program product that comprises a computer readable storage medium having program code stored thereon. That program code is executable by a processor to perform certain operations, as described hereinafter.

53. Defendant's infringing instrumentalities comprise operations that identify a present physical location of a mobile device, based upon wireless communication between the mobile device and at least one beacon.

54. Defendant's infringing instrumentalities determine that the mobile device is located at a particular physical location.

55. Defendant's infringing instrumentalities communicate at least a first message to the mobile device, responsive to determining that the mobile device is located at the particular physical location.

56. Defendant's infringing instrumentalities retrieve location rules associated with the particular physical location, and the mobile device user's profile.

57. Defendant's infringing instrumentalities select, using a processor, content to be made available to the mobile device based on the location rules associated with the particular physical location and the user profile.

58. Defendant's infringing instrumentalities communicate at least a first message to the mobile device that specifies an authorization for the mobile device to access the selected content using at least one application installed on the mobile device. That message is processed by the mobile device to access the selected content.

59. Defendant's infringing instrumentalities infringe – at least – claims 1, 8 and 15 of the '011 Patent.

60. Defendant's infringing instrumentalities literally and directly infringe – at least – claims 1, 8 and 15 of the '011 Patent.

61. Defendant's infringing instrumentalities perform or comprise all required elements of – at least – claims 1, 8 and 15 of the '011 Patent.

62. In the alternative, Defendant's infringing instrumentalities infringe – at least – claims 1, 8 and 15 of the '011 Patent under the doctrine of equivalents. Defendant's infringing instrumentalities perform substantially the same functions in substantially the same manner with substantially the same structures, obtaining substantially the same results, as the required elements of – at least – claims 1, 8 and 15 of the '011 Patent. Any differences between Defendant's infringing instrumentalities and the claims of the '011 Patent are insubstantial.

63. All recited elements of – at least – claims 1, 8 and 15 of the '011 Patent are present within, or performed by, Defendant's infringing instrumentalities.

64. Defendant's infringing instrumentalities, when used and/or operated in their intended manner or as designed, infringe – at least – claims 1, 8 and 15 of the '011 Patent, and Defendant is therefore liable for infringement of the '011 Patent.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 10,728,382

65. Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 10,728,382 ("the '382 Patent") entitled "Selectively Providing Content to Users Located Within a Virtual Perimeter" – including all rights to recover for past, present and future acts of infringement. The '382 Patent issued on July 28, 2020, and has a priority date of February 13, 2015.  A true and correct copy of the '382 Patent is attached as Exhibit D.

66. Plaintiff herein restates and incorporates by reference paragraphs 8 – 18, above.

67. All recited elements of – at least – claims 1, 8 and 15 of the '382 Patent are present within the structure and/or operation of Defendant's infringing instrumentalities.

68. Defendant's infringing instrumentalities comprise a computer program product that comprises a computer readable storage medium having program code stored thereon. That program code is executable by a processor to perform certain operations, as described hereinafter.

69. Defendant's infringing instrumentalities comprise operations that identify a present physical location of a mobile device, based upon wireless communication between the mobile device and at least one beacon.

70. Defendant's infringing instrumentalities determine that the mobile device is located at a particular physical location.

71. Defendant's infringing instrumentalities communicate at least a first message to the mobile device, responsive to determining that the mobile device is located at the particular physical location.

72. Defendant's infringing instrumentalities communicate at least a first message to the mobile device that specifies at least one application to be disabled while the mobile device is present at the physical location.

73. Defendant's infringing instrumentalities receive a response to the first message from the mobile device, indicating that the at least one application is disabled.

74. Defendant's infringing instrumentalities deny, using a processor, the mobile device to establish presence on a network maintained for the physical location, responsive to not receiving a response to the first message indicating that the at least one application is disabled.

75. Defendant's infringing instrumentalities infringe – at least – claims 1, 8 and 15 of the '382 Patent.

76. Defendant's infringing instrumentalities literally and directly infringe – at least – claims 1, 8 and 15 of the '382 Patent.

77. Defendant's infringing instrumentalities perform or comprise all required elements of – at least – claims 1, 8 and 15 of the '382 Patent.

78. In the alternative, Defendant's infringing instrumentalities infringe – at least – claims 1, 8 and 15 of the '382 Patent under the doctrine of equivalents. Defendant's infringing instrumentalities perform substantially the same functions in substantially the same manner with substantially the same structures, obtaining substantially the same results, as the required elements of – at least – claims 1, 8 and 15 of the '382 Patent. Any differences between Defendant's infringing instrumentalities and the claims of the '382 Patent are insubstantial.

79. All recited elements of – at least – claims 1, 8 and 15 of the '382 Patent are present within, or performed by, Defendant's infringing instrumentalities.

80. Defendant's infringing instrumentalities, when used and/or operated in their intended manner or as designed, infringe – at least – claims 1, 8 and 15 of the '382 Patent, and Defendant is therefore liable for infringement of the '382 Patent.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed the '385 Patent, the '617 Patent, the '011 Patent, and the '382 Patent;

b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith, from infringement of the '385 Patent, the '617 Patent, the '011 Patent, and the '382 Patent;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '385 Patent, the '617 Patent, the '011 Patent, and the '382 Patent, as provided under 35 U.S.C. § 284;

d. An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendant's prohibited conduct with notice being made at least as early as

the service date of this complaint, as provided under 35 U.S.C. § 284;

  e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

  f. Any and all other relief to which Plaintiff may show itself to be entitled.

April 28, 2022          Respectfully Submitted,

              CHONG LAW FIRM PA

              <u>/s/ Jimmy Chong</u>
              Jimmy Chong (#4839)
              2961 Centerville Road, Suite 350
              Wilmington, DE 19808
              Telephone: (302) 999-9480
              Facsimile: (302) 800-1999
              Email: chong@chonglawfirm.com

              **ATTORNEY FOR PLAINTIFF**
              **BACKERTOP LICENSING LLC**