IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BACKERTOP LICENSING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-572-CFC |
| | ) | |
| CANARY CONNECT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| BACKERTOP LICENSING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-573-CFC |
| | ) | |
| AUGUST HOME, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before me is the request of Plaintiff Backertop Licensing LLC for Ms. Lori LaPray to participate by telephone in the hearing in these actions scheduled for June 8, 2023. No. 22-572, D.I. 35 at 2; No. 22-573, D.I. 38 at 2.

I.

On May 1, 2023, I ordered Ms. LaPray, Mr. Jimmy Chong (Backertop's Delaware counsel), and Mr. Ronald Burns (Backertop's outside counsel) to attend a hearing in person on June 8, 2023 to address Mr. Chong's motion to withdraw as

counsel. No. 22-572, D.I. 33 at 2; No. 22-573, D.I. 35 at 2. Mr. Chong represented in the motion that good cause exists to permit him to withdraw as counsel because he has been "unable to effectively communicate with Client in a manner consistent with good attorney-client relations." No. 22-572, D.I. 29 at 1–2; No. 22-573, D.I. 31 at 1–2. Mr. Chong filed the motion on April 25, 2023. That same day, in an email sent to the Court's clerk's office, Mr. Burns stated that he also "cannot represent the plaintiff any longer," and, further, that he "cannot get a response from" Mr. Chong. No. 22-572, D.I. 31 at 1; No. 22-573, D.I. 33 at 1. Backertop has no employees, No. 22-572, D.I. 24 at 33:11–16; No. 22-573, D.I. 27 at 33:11–16, and it has represented to the Court that Ms. LaPray is its managing member and sole owner, No. 22-572, D.I. 23-1 at 1; No. 22-573, D.I. 26-1 at 1. I scheduled the June 8 hearing and ordered all three individuals to attend the hearing in person "[t]o sort through this morass." No. 22-572, D.I. 32 at 16; No. 22-573, D.I. 34 at 16.

I also ordered Backertop on May 1 to submit to the Court no later than May 9 the documents required to be produced by the Memorandum Order issued on March 31, 2023 (No. 22-572, D.I. 25; No. 22-573, D.I. 28). No. 22-572, D.I. 33 at 1; No. 22-573, D.I. 35 at 1. On May 9, Backertop submitted to my chambers 473 pages of documents. Backertop stated in a notice filed with the Court on that same

2

day that it had complied with the March 31, 2023 Memorandum Order by virtue of this production. No. 22-572, D.I. 36 at 2; No. 22-573, D.I. 39 at 2.

In another notice also filed on May 9, Backertop "inform[ed] the Court that Ms. Lori LaPray is unavailable to attend the June 8, 2023 hearing in-person and is unavailable to travel to Delaware for the foreseeable future." No. 22-572, D.I. 35 at 2; No. 22-573, D.I. 38 at 2. In a sworn declaration filed with this notice, Ms. LaPray stated that she "will be out of town and traveling between June 8, 2023 and June 15, 2023," that "[o]utside of such dates, [she], as a paralegal for [the] firm, Holmes Firm PC, ha[s] a number of trials and hearing[s] throughout the entire summer that require [her] physical presence [somewhere other than Delaware]," that her "children are now out of school for the summer and [her] parental obligations require [her] physical presence [somewhere other than Delaware]," and that "[b]ecause of at least these reasons, [she] do[es] not have the ability to travel to Delaware for this hearing in the foreseeable future." No. 22-572, D.I. 35-1 at 2; No. 22-573, D.I. 38-1 at 2. Ms. LaPray provided no further details or documentation to support these assertions.

Ms. LaPray also stated in her declaration that Backertop's "position" with respect to Mr. Chong's motion to withdraw and Mr. Burns's email to the clerk's

3

office "is simply that [Backertop] cannot be left without counsel to represent [it] in these matters." No. 22-572, D.I. 35-1 at 2; No. 22-573, D.I. 38-1 at 2.

Finally, Ms. LaPray requested in her affidavit that she be permitted to "appear telephonically" at the June 8 hearing. No. 22-572, D.I. 35-1 at 2; No. 22-573, D.I. 38-1 at 2.

II.

I will deny the request for Ms. LaPray to participate by telephone in the June 8 hearing for three reasons.

First, Judicial Conference policy generally prohibits the broadcasting of proceedings in federal district courts. *See Guide to Judiciary Policy*, Vol. 10, Ch. 4, § 410.10(a). That policy was temporarily changed during the COVID-19 pandemic to allow for remote public access to civil proceedings. James C. Duff, *March 31, 2020 Memorandum*, Administrative Office of the United States Courts, https://jnet.ao.dcn/sites/default/files/pdf/DIR20-054.pdf. Although this temporary policy has expired, the Judicial Conference has authorized a grace period for remote public access to civil proceedings through September 21, 2023. Roslynn R. Mauskopf, *May 8, 2023 Memorandum*, Administrative Office of the United States Courts, https://infoweb.ao.dcn/bcastpdf/DIR23-051.pdf. Nonetheless, during the

4

grace period, remote hearings remain the exception, not the rule. And in this case, the circumstances are not so exceptional as to justify a remote hearing.

Second, given the representations and positions of counsel and Ms. LaPray and the apparent lack of communication between counsel and among counsel and Ms. LaPray, Mr. Chong's motion to withdraw is unusual to say the least. My previous description of the situation as a "morass" remains accurate, and to sort through that morass it may be necessary to assess the credibility of counsel and of Ms. LaPray. Credibility assessments are difficult to make over the phone.

Third, I have now had a chance to review Backertop's May 9 document production, and I have questions for Ms. LaPray about the production that also require her physical presence in court so that I can assess her credibility.

I will, however, excuse Ms. LaPray from having to appear at the June 8 hearing. Reading her declaration generously and in the light most possibly favorable to her, I will presume that she made her June 8–15 travel plans before I set the hearing date and that it would be costly and burdensome for her to change those travel plans. But I will not cancel the hearing. Instead, on June 8, I will question and hear from Messrs. Chong and Burns, who remain required to attend the hearing in person.

I will also schedule a new hearing for July 20, 2023 at 1:00 p.m. to question and hear from Ms. LaPray about Mr. Chong's motion as well as the document production Backertop submitted in response to the March 31, 2023 Memorandum Order. I will require Ms. LaPray to attend this hearing in person. July 20 is almost two months from today. That gives Ms. LaPray ample time to make any necessary arrangements for childcare and her job. If a hearing on that date presents exceptional difficulties for Ms. LaPray, then she needs to submit to the Court no later than June 7, 2023 affidavits and supporting documentation demonstrating exactly why that is the case and propose a range of alternative dates in July for a hearing.

I assume that Ms. LaPray's statement that she is unavailable to appear in this Court "at any time in the foreseeable future" was made without the benefit of input from counsel and was not intended to suggest that she does not take the Court's orders and proceedings seriously. *See generally United States v. United Mine Workers of Am.*, 330 U.S. 258, 303 (1947) ("The interests of orderly government demand that respect and compliance be given to orders issued by courts possessed of jurisdiction of persons and subject matter. One who defies the public authority and willfully refuses his obedience, does so at his peril."). As it appears that Ms. LaPray may not currently be in communication with Backertop's counsel of record

in these cases and because Ms. LaPray specifically cited her obligations as a paralegal for the Holmes Firm PC as one of the "reasons[] [she] do[es] not have the ability to travel to Delaware for this hearing in the foreseeable future," No. 22-572, D.I. 35-1 at 2; No. 22-573, D.I. 38-1 at 2, I will also provide Ronald L. Holmes, Esquire, the managing partner of the Holmes Firm, with a copy of this Memorandum Order and, to explain the situation at hand, copies of *Nimitz Technologies LLC v. CNET Media, Inc.*, 2022 WL 17338396 (D. Del. Nov. 30, 2022) and the Memorandum Opinion and Order I issued on May 1 (No. 22-572, D.I. 32, 33; No. 22-573, D.I. 34, 35). Doing so will ensure that Ms. LaPray receives notice of this Memorandum Order; and I suspect that Mr. Holmes will explain to Ms. LaPray that, contrary to the assertions in her declaration, his firm does not in fact "require [her] physical presence" somewhere other than Delaware "throughout the entire summer" such that she cannot attend a hearing before this Court.

\* \* \* \*

NOW THEREFORE, at Wilmington on this Thirty-first Day of May in 2023, **IT IS HEREBY ORDERED** that:

1. Backertop's request for Lori LaPray to participate by telephone in the June 8, 2023 hearing (No. 22-572, D.I. 35 at 2; No. 22-573, D.I. 38 at 2) is **DENIED**;

2. Ms. LaPray is **EXCUSED** from attending the June 8, 2023 hearing;

3. The Court will **CONVENE A HEARING** in Courtroom 4B on July 20, 2023 at 1:00 p.m. to address at least Mr. Chong's motion to withdraw (No. 22-572, D.I. 29; No. 22-573, D.I. 31) and the document production made by Backertop on May 9; and

4. Ms. LaPray **SHALL ATTEND THE JULY 20, 2023 HEARING IN PERSON**.

_____
CHIEF JUDGE