IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BACKERTOP LICENSING LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 22-572-CFC |
| ) | |
| CANARY CONNECT, INC., ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| BACKERTOP LICENSING LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 22-573-CFC |
| ) | |
| AUGUST HOME, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

On May 31, 2023, I issued a Memorandum Order that required Ms. Lori LaPray to attend a July 20, 2023 hearing in person and, "[i]f a hearing on that date present[ed] exceptional difficulties for Ms. LaPray, . . . to submit to the Court no later than June 7, 2023 affidavits and supporting documentation demonstrating exactly why that is the case and propose a range of alternative dates in July for a hearing," No. 22-572, D.I. 37 at 5–6; No. 22-573, D.I. 40 at 5–6. For reasons set

forth in the Memorandum Order, I provided a copy of the Memorandum Order to the managing partner of the law firm where Ms. LaPray works.

On June 1, 2023, the managing partner informed the Court by email that nothing related to Ms. LaPray's work would prevent her from attending the July 20 hearing.

At 5:12 pm on June 6, 2023—i.e., after the filing deadline for June 6—Plaintiff filed a motion "request[ing] an additional seven (7) days, to June 14, 2023, to determine whether it is feasible for her to attend the July 20, 2023 hearing." No. 22-572, D.I. 38 at 1; No. 22-573, D.I. 41 at 1. Plaintiff offered no reason why Ms. LaPray needed an additional seven days to determine if "it is feasible" for her to attend the July 20 hearing; and it is clear, based on the email from the managing partner from her law firm, that nothing work-related prevents her from attending the hearing.

NOW THEREFORE, at Wilmington this Seventh day of June in 2023, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Extend Time to Respond to the Court's May 31, 2023 Order Regarding the July 20, 2023 Hearing (No. 22-572, D.I. 38; No. 22-573, D.I. 41) is **DENIED**.

_____
CHIEF JUDGE

2