# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **BACKERTOP LICENSING LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**AUGUST HOME, INC.,**<br><br>Defendant. | Civil Action No.: 1:22-cv-00573-CFC |
| **BACKERTOP LICENSING LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**CANARY CONNECT, INC.**<br><br>Defendant. | Civil Action No.: 1:22-cv-0572-CFC |

## PLAINTIFF'S MOTION TO SEAL THE JUNE 8, 2023 TRANSCRIPT

On May 9, 2023, Backertop Licensing LLC ("Backertop") produced documents requested by the Court. Due to the privilege/confidentiality of the documents, they were produced *in camera* along with a request that all such documents and their content remain *in camera* and not be made public. This is consistent with the procedure set forth the Court explained to the Federal Circuit in *In re: Nimitz Technologies LLC*, 2023-103 at D.I. 44, p.5 (Fed. Cir. Dec. 8, 2022) ("The district court, however, has made clear that its order 'order does not require Nimitz to docket these records or otherwise make them public' and is 'free to

submit and to publicly file at the time of its production of the records in question an assertion that the records are covered by the attorney-client privilege and/or work product doctrine and request that for that reason (and perhaps other reasons) the Court maintain the records under seal.").

On June 8, 2023, Backertop's attorneys appeared in Court regarding a Motion to Withdraw as Counsel. During the hearing, the Court inquired into the documents produced, marked them as Exhibits and, in some cases, read certain documents verbatim into the record. These documents are clearly privileged as communications between counsel and an agent for the client are subject to attorney-client privilege and attorney work product protections. *See, e.g., State v. 62.96247 Acres of Land in New Castle County*, 193 A. 2d 799, 808 (Del. Super. Ct. 1963) ("It is no less the client's communication to the attorney when it is given by the client to an agent for transmission to the attorney, and *it is immaterial whether the agent is the agent of the attorney, the client, or both. `(T)he client's freedom of communication requires a liberty of employing other means than his own personal action*. The privilege of confidence would be a vain one unless its exercise could be thus delegated. *A communication, then, by any form of agency employed or set in motion by the client is within the privilege*.") (emphasis in original) (internal citation omitted).

Backertop moves to Seal the June 8, 2023 transcript due to privilege/confidentiality of the records which were read into record. In the alternative, should the Court deny the motion, Backertop respectfully requests the Court keep the June 8, 2023 transcript temporarily sealed for a period of at least 30 days to permit Backertop to appeal or seek a writ of mandamus to the United States Court of Appeals for the Federal Circuit.

Backertop has reached out to counsel for August Home, Inc and Canary Connect, Inc and both take no position on the motion.

A proposed form of Order is attached.

Dated: June 14, 2023

Respectfully submitted,

CHONG LAW FIRM PA

*/s/Jimmy Chong*
Jimmy Chong (#4839)
2961 Centerville Road, Suite 350
Wilmington, DE 19808
Telephone: (302) 999-9480
Facsimile: (302) 800-1999
Email: chong@chonglawfirm.com

ATTORNEYS FOR PLAINTIFF
