IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BACKERTOP LICENSING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-572-CFC |
| | ) | |
| CANARY CONNECT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| BACKERTOP LICENSING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-573-CFC |
| | ) | |
| AUGUST HOME, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION OF NON-PARTY LORI LAPRAY FOR A
STAY PENDING APPEAL OF THE CONTEMPT CITATION
AND ITS UNDERLYING ORDER**

1. On August 21, 2023, this Court issued an Order in the above-caption action holding non-party Lily LaPray in civil contempt of the Court's Memorandum Orders of May 31, 2023, and July 10, 2023. The Court ordered Ms. LaPray to pay to the Court $200.00 "each day the Court is open and the day Ms. LaPray does not appear in Court for a hearing." *Backertop Licensing LLC v. Canary Connect, Inc.,* C.A. Nos. 22-572-CFC and 22-573-CFC, p.2 (D. Del. Aug. 21, 2023).

2.	On August 23, 2023, Ms. LaPray filed in this Court a Notice of Appeal from that Order. Ms. LaPray, as a non-party, can immediately appeal a contempt finding as of right, whether there are other matters still going on in the action. *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988). *See also U. S. Steel Corp. v. Fraternal Ass'n of Steel Haulers*, 601 F.2d 1269, 1273 (1979) (contempt becomes appealable once "the court has exercised its authority either to punish or to coerce compliance).

3.	In exercising its discretion in deciding whether or not to grant a stay, federal courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). As shown below, movant easily satisfies these criteria.

I.	**THERE IS A STRONG LIKELIHOOD OF SUCCESS ON THE MERITS.**

4.	Movant has a convincing argument that she will succeed on the merits. As was previously presented to the Court, in light of Fed. R. Civ. P. 45(c), the Court lacks inherent authority to compel a non-party witness who lives more than one hundred miles away to appear. *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016); *Bank of*

*Nova Scotia v. U.S.*, 487 U.S. 250, 255 (1988). *Accord Racher v. Lusk*, 2016 WL 67799 (W.D. Okla. Jan. 5, 2016).

5. This Court did not specifically address that issue in its ruling finding Ms. LaPray in contempt but stated that the issue was addressed by the Court in a previous ruling, and one may not challenge the underlying Order in a contempt proceeding. *Backertop Licensing LLC v. Canary Connect, Inc.*, 2023 WL 5348827 at *3 (D. Del. Aug. 21, 2023). As to the first point, the Court has the power to revisit its interlocutory decisions at any time before the entry of judgment. *In re Energy Future Holdings Corp.*, 904 F.3d 298, 307 (3rd Cir. 2018); *Ajay Endeavors, Inc. v. Divvymed, LLC*, 2023 WL 2655485 at *5 (D. Del. Mar. 27, 2023). Failing to do so when presented with mandatory Supreme Court authority showing that the Court could not compel Ms. LaPray to appear in Delaware constituted an abuse of discretion.

6. As for the second point, the "collateral bar rule," which prohibits challenging an underlying order on appeal from a finding from contempt, is limited to criminal cases. *See Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992) ("Given that civil contempt is designed to coerce compliance with the court's decree, it is logical that the order itself should fall with a showing that the court was without authority

to enter the decree").[1] *See also United States v. United Mine Workers,* 330 U.S. 258, 294-95 (1947); *In re Establishment Inspection of Hern Iron Works, Inc.*, 881 F.2d 722, 726 n. 11 (9th Cir.1989); *Collins on Behalf of Collins v. Barry*, 841 F.2d 1297, 1299 (6th Cir. 1988); *In re Managed Care*, 756 F.3d 1222, 1234 (11th Cir. 2014) (invalidity of the underlying order is a valid defense to civil contempt). *But see Halderman v. Pennhurst State School & Hospital*, 673 F.2d 628, 636 (3rd Cir. 1982).[2]

7. An order compelling a non-party to act is not appealable until the witness has been held in contempt. *Cobbledick v. United States*, 309 U.S. 323, 325 (1940). Although *Cobbledick* involved a grand jury, courts have extended the rule to civil cases. *Gross v. G.D. Searle & Co.*, 738 F.2d 600, 603–04 (3d Cir. 1984); *DeMasi v. Weiss*, 669 F.2d 114, 121 (3d Cir. 1982); *Borden Co. v. Sylk*, 410 F.2d 843, 846 (3d Cir. 1969); *Connaught Laboratories, Inc. v. SmithKline Beecham P.L.C.*, 165 F.3d 1368, 1370 (Fed. Cir. 1999); *Dove v. Atlantic Chemical Corp.*, 963

---

[1] As *Willy* post-dates *Maggio v. Zeitz*, 333 U.S. 56 (1948), the latter must be deemed to implicitly overrule the former on the issue.

[2] As *Halderman* pre-dates *Willy*, its continuing validity is questionable. In any event, the *Halderman* court limited its ruling to parties to the action. 673 F.2d at 636.

F.2d 15, 17 (2nd Cir. 1982).  The logical conclusion from this is that an appellate court will consider an Order underlying a finding of contempt on appeal.[3]

8.  Further, courts will consider the underling Order when it is "transparently invalid." *See Walker v. Birmingham*, 388 U.S. 307, 315 (1967) (suggesting that a contemner might be allowed to challenge contempt citation on ground that underlying court order was "transparently invalid"); *United States v. Terry*, 17 F.3d 575, 579 (2d Cir.1994); *In re Novak,* 932 F.2d 1397, 1401-02 (11th Cir.1991).

9.  As the authorities cited in paragraph 4 above makes clear, the Court's invocation of inherent authority to compel a non-party who lives more than 100-miles away to appear in court to testify is contrary to clearly established Supreme Court law.  As such, the Order was (and is) transparently invalid.

## II. MS. LAPRAY WILL BE IRREPARABLY INJURED ABSENT A STAY.

10.  Absent a stay, Ms. LaPray will be forced to either (i) abandon her appellate rights and her deeply held (and legally justified) belief and appear before the Court to avoid financial distress, or (ii) continue her appeal and risk financial distress, given that an appeal can last six months (from the filing of the appeal to the

---

[3]  For this reason, Movant has also filed an appeal from this Court's Memorandum Order of May 31, 2023, ordering Ms. LaPray to appear in person.

issuance of a ruling) or longer. Assuming six months, rounding each month to thirty days, this would come to $36,000.[4] The purpose of a coercive sanction is to encourage the person cited to comply with the Court's orders. However, it is not intended to do so by denying appellate rights. *See Brown v. Braddick*, 595 F.2d 961, 965 (5th Cir. 1979) ("If a stay is denied, Braddick will be irreparably harmed because he will be forced to choose between complying with the discovery order (and thus forfeiting the procedural advantages the senior party enjoys under Patent Office rules) and continuing his refusal to comply with exposure to possible sanctions for contempt").

### III. NO OTHER PARTY WILL BE INJURED BY A STAY.

11. No other party to these cases has participated in the current proceedings, and so, having no interest, they will not be injured.

### IV. THE PUBLIC INTEREST FAVORS A STAY.

12. "As a practical matter, if a [contemnee] demonstrates both a likelihood of success on the merits and irreparable injury, it almost always will be the case that the public interest will favor the [contemnee]." *AT&T v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 n.8 (3d Cir. 1994). The public has an interest in

---

[4] The sanction is now particularly onerous since her husband passed away suddenly last week, leaving her as the sole support of her two children. (Ex. A hereto).

the protection of rights under the law, and in not being at risk of being compelled to travel to a court well beyond the distance proscribed by statute.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Movant Lori LaPray respectfully requests that the Court stay its Order of August 21, 2023 holding her in civil contempt and ordering her to pay to the Court $200.00 each day the Court is open and the day Ms. LaPray does not appear in Court for a hearing.

Respectfully submitted,

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange St., 7th floor
Wilmington, DE  19801-1186
(302) 573-2525
dfinger@delawgroup.com
Attorney for Movant Lori LaPray

Dated:  August 31, 2023